KENILWORTH MANUFACTURING COMPANY, Plaintiff-Appellant, v. SHARWELL TOBACCO COMPANY, etc., Defendant-Appellee.

Ohio Appeals, Second District, Franklin County.

No. 5317.   Decided August 26, 1955.

Robins, Metcalf & Alton, Columbus, for plaintiff-appellant.
Isadore Topper, R. Brooke Alloway, Columbus, for defendant-appellee.

**OPINION**

By THE COURT.

The defendant-appellee has filed two motions in which the following relief is sought:

1. An order dismissing the appeal as one on question of law and fact, for the reason that the action is not a chancery suit but an action at law; and for the further reason that the appellant has failed to file an appeal bond within the time required for the filing of a notice of appeal.

2. An order to require the plaintiff-appellant to furnish additional security for costs herein for the reason that the plaintiff-appellant is not a resident of Franklin County or the State of Ohio and the security heretofore furnished is not adequate.

The record discloses that the action is one upon an account and therefore it is not a chancery case. It further appears that no appeal bond has been filed and the time for such filing has now passed.

The first branch of the motion will be sustained but the case will be retained for determination on questions of law only and the appellant will be granted leave to perfect such an appeal in accordance with Supplement to Rule VII of this Court.

Next, considering the second branch of the motion, it appears that

the plaintiff-appellant is a nonresident as alleged and that only the sum of $25.00 has been deposited as security for court costs. This appears to be inadequate and the same will be ordered increased by the sum of $275.00. The appellant will be granted five days from the date of the entry journalizing this decision in which to comply with this order.

MILLER, PJ, HORNBECK, J, concur.
WISEMAN, J, not participating

No. 5317. Decided February 2, 1956.

Robins, Metcalf & Alton, Jack R. Alton, of Counsel, Columbus, for plaintiff-appellant.

Isadore Topper, R. Brooke Alloway, Columbus, for defendant-appellee.

(FESS, J, of the Sixth District, sitting by designation in the Second District.)

## OPINION

By MILLER, PJ.

This is a law appeal from a judgment of the Common Pleas Court rendered upon the verdict of a jury. The action is one upon an account brought in the short form, for merchandise sold and delivered. The defense was a general denial. The evidence offered by the plaintiff, if accredited, was sufficient to establish an outright sale of the merchandise to the defendant. On the other hand, the defendant offered substantial evidence that no sale was intended; that the merchandise was placed with the defendant on a consignment basis and was not to be paid for until sold. The plaintiff is seeking payment for the unsold merchandise. The Court charged the jury on the issue presented as follows:

"Now, the issue in this case is very simple, was there a sale, an outright sale? If there was, then the defendant is owing to the plaintiff the amount asked for in the petition. If it was a conditional sale, that

is, if it was consigned to be paid for only if sold by the defendant, then the plaintiff is not entitled to recover anything, except what has been sold, what was sold, and the only evidence in this case is that payments were made for all the items which were sold. So, as I say, the issue is simply was there an outright sale or was it as Mr. Sharwell contends, a conditional sale, a consignment of merchandise to be sold by him and paid for by him if sold, and if not, then the merchandise was to remain the property of the plaintiff.

"Now, it is for you to determine that issue, and if you find that the plaintiff has failed to prove that it was an outright sale, then you will bring in a verdict for the defendant; otherwise, you bring in a verdict for the plaintiff."

At the conclusion of the charge counsel for the plaintiff requested the Court to charge the jury further with respect to §1315.20 R. C. The Court refused to comply with this request which the appellant urges was prejudicial error. An examination of the cited section reveals that it is prefaced by the words,

"Unless a different intention appears, the following are rules for ascertaining the intention of the parties as to the time at which the property in the goods is to pass to the buyer: * * *."

Here the intention of the parties appears to be clear if the evidence of either of them is believed; hence, the statute can have no application. If credence is given to the evidence offered by the plaintiff the transaction constituted an outright sale and the time of passing of title to the property is not material since it is admitted that the defendant accepted delivery of the goods. On the other hand, if that of the defendant were accepted, title to the property never passed, and the plaintiff failed to sustain the burden of proof. The evidence offered by the defense is well epitomized by Mr. Sharwell, who testified in behalf of the defendant at page 44 of the record that Mr. Litsky, the agent for the plaintiff, told him while endeavoring to get the order, "What have you got to lose, * * * if you don't sell them, they belong to me." The appellant is urging that the jury should have been instructed with reference to the "sale and return" of merchandise in accord with §1315.20 R. C. We find nothing in the record which indicates that the merchandise sold was on a "sale or return" basis. The factual question was resolved in favor of the defendant. The verdict is sustained by substantial evidence and it therefore may not be said that it is against the manifest weight of the same as urged by the appellant.

We find none of the errors assigned well taken and therefore affirm the judgment.

HORNBECK and FESS, JJ, concur.